IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEE MEDICAL PLAN et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 04-0284-E-BLW<br><br>MEMORANDUM DECISION AND ORDER |
| Plaintiffs, | | |
| v. | | |
| REGENCE BLUE SHIELD OF OF IDAHO, INC., et al., | | |
| Defendants. | | |

## INTRODUCTION

The Court has before it motions for summary judgment filed prior to the addition of price-fixing claims to the complaint. After those amendments were filed, and after additional discovery was completed pursuant to Rule 56(f), the defendants filed additional motions seeking summary judgment on the price-fixing claims as well. The Court heard oral argument on the motions and they are now at

issue.  For the reasons expressed below, the Court will grant in part the renewed motions, but reserve ruling on the motions directed to the price-fixing claims.

## ANALYSIS

In a lengthy Memorandum Decision filed March 15, 2005, the Court held that MIA had failed to raise genuine issues of material fact on its claims under § 1 and § 2 of the Sherman Act.  At the same time, the Court granted MIA's motion to allow further discovery under Rule 56(f), and allowed MIA to amend its complaint to add price-fixing claims to its complaint.  Those price-fixing claims assert that Regence and Blue Cross engaged in concerted activity to raise prices before Gemplan entered the market.

The additional discovery has now been completed.  Regence and Blue Cross renewed their prior motions, and filed new motions for summary judgment on the price-fixing claims.

With regard to the renewed motions, the Court finds no reason to change its prior detailed analysis.  The Court therefore reaffirms that analysis and incorporates it fully herein by reference.  With regard to the price-fixing claims, the Court needs additional time to examine the extensive briefing and affidavits concerning those claims.  The Court will therefore reserve ruling on those claims.

The effect of these findings is that all of MIA's claims now hang entirely on

the survival of the price-fixing claims.  If the Court eventually finds that summary judgment is proper on the price-fixing claims, final judgment shall then be issued on all claims for Regence and Blue Shield.  If, however, the price-fixing claims survive summary judgment, that would have an effect on the other claims in the case.  As the Court explained in its prior decision, evidence that Regence and Blue Cross engaged in concerted price-fixing before Gemplan entered the market is at least some evidence that Regence and Blue Cross may have engaged in concerted action after Gemplan's entry.  Thus, MIA's case now depends entirely on how the Court resolves the price-fixing claims.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions for summary judgment filed by defendants concerning all claims except the price-fixing claims (docket nos. 95, 104, 157, & 158) are hereby GRANTED IN PART AND DENIED IN PART.  They are granted to the extent discussed in the Court's Memorandum Decision filed March 15, 2005, and are denied to the extent that final resolution of these claims must await the outcome of the Court's resolution of the price-fixing claims.

IT IS FURTHER ORDERED, that all motions pertaining to the price-fixing

claims are hereby reserved.

DATED: **September 30, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court