IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GOVERNMENT EMPLOYEES MEDICAL PLAN a/k/a GEMPLAN, an Idaho Legal entity; BOARD OF TRUSTEES OF GEMPLAN, in their Capacity as Trustees of the Trust Fund of GEMPLAN's self-funded health care plan; and MUTUAL INSURANCE ASSOCIATES, INC., an Idaho Corporation,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>REGENCE BLUE SHIELD OF IDAHO, an Idaho Corporation; and BLUE CROSS OF IDAHO HEALTH SERVICES, INC., an Idaho Corporation,<br><br>　　　　　Defendants. | Case No. CV-04-284-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it petitions for attorney fees filed by Regence and Blue Cross. The petitions are fully briefed and at issue. For the reasons expressed below, the Court will deny both petitions.

**Memorandum Decision and Order – Page 1**

## ANALYSIS

Defendants Regence and Blue Cross seek attorney fees under Rule 11, Rule 37, and 28 U.S.C. § 1927.  Under Rule 11, the Court may award fees if it finds not only that the complaint is baseless but also that counsel failed to conduct a reasonable inquiry.  *See Moore v. Keegan Management*, 78 F.3d 431 (9th Cir. 1996).  In this case, Gemplan's counsel relied in part on the advice of Mark Meade, a health care consultant with expertise in insurance rates and underwriting.  Meade had concluded that Blue Cross and Regence rates were "higher than would be expected in a competitive market [and] . . . are not the product of true competition between Blue Cross and Regence."  *See Meade Affidavit* at ¶ 9.

While Meade's affidavit was filed 11 days after the complaint was filed, Meade states that he had been advising Gemplan for some time, and thus it appears that the suit was filed at least in part on the basis of his rate opinions.  However, Meade is not an economist.  Reliance on his opinions, Regence and Blue Cross assert, therefore cannot form the basis for a reasonable inquiry.

Certainly it is true that "[l]itigating an antitrust case absent the aid of an economist has become an increasingly perilous proposition."  *See After Daubert*, 65 Antitrust Law Journal 663 (1997).  Nevertheless, Regence and Blue Cross cite no case awarding Rule 11 sanctions because a plaintiff filed an antitrust case

without having retained an expert economist.  Here, Gemplan's counsel relied on the statements of his clients and Meade.  Given this, the Court cannot find that the requirements for Rule 11 sanctions exist here.

The same reasoning applies to the claims under Rule 37 and § 1927.  The Court finds that Gemplan's counsel acted reasonably in believing that he might prevail, and that this litigation was not brought for vexatious purposes.

For all of these reasons, the motions for attorney fees shall be denied.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions for attorney fees (Docket Nos. 253 and 255) are DENIED.

DATED:  **February 21, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge